UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

PATRICK KELLY DAVIS,

        Plaintiff,

        v.         Case No. 13-MISC-3

ATTORNEY GENERAL
OF THE STATE OF WISCONSIN,

        Defendant.

ORDER DENYING REQUEST FOR EXTENSION OF TIME AND DISMISSING CASE

Patrick Kelly Davis has filed a petition seeking an extension of time until June 2013 to file his 28 U.S.C. § 2254 habeas petition regarding a May 2007 conviction as to which the Supreme Court of Wisconsin denied review in October 2011. In support of the extension request, he states that after his federal conviction (before this court) in the summer of 2012 he was moved to multiple facilities and his legal materials for the state case were taken by jail personnel and never returned.

Regardless of any fault behind the loss of the legal materials, this court cannot grant Davis's request. The one year deadline for a state prisoner to file a habeas petition, *see* 28 U.S.C. § 2244(d), is a statute of limitations, *see Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005), not a court-imposed deadline. As such it is an affirmative defense that may be pled by the respondent to the habeas petition and subject to waiver *by the respondent*. *See* Fed. R. Civ. P. 8(c) (requiring defense of the statute of limitations to be pled in the answer); *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002) ("We join these courts of appeals and now hold that because the AEDPA limitations period is subject to equitable modifications such as tolling, it is also subject to other non-jurisdictional, equitable considerations, such

as waiver."); *Tate v. Borgen*, No. 04-C-1019, 2005 WL 1785251, *9 (E.D. Wis. July 26, 2005) (Stadtmueller, J.) ("The one-year statute of limitations under § 2244(d)(1) is a non-jurisdictional affirmative defense."); *Stang v. Smith*, 23 F. Supp. 2d 972, 962 (E.D. Wis. 1998) (Adelman, J.) (stating that "section 2244(d) operates like any other statute of limitations" and that "just as section 2244(d)'s limitations period is like any other in regard to equitable tolling, it likewise operates like any other statute of limitations in regard to waivability").

Because the aforementioned statute of limitations is a matter to be asserted at the respondent's discretion and is not a court-imposed deadline, this court cannot extend or waive it in advance of the filing of a habeas petition. Hence, Davis will need to file his petition, to the extent that he believes it is warranted, and wait to see whether the respondent will raise the statute of limitations as an affirmative defense.

Further, even if the respondent raises the statute of limitations defense in its answer or in a motion to dismiss, or if the court, in addressing Davis's petition, raises the limitations issue sua sponte, Davis will have an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (stating that before a court sua sponte dismisses a habeas petition as untimely it "must accord the parties fair notice and an opportunity to present their positions").

For these reasons,

IT IS ORDERED that Davis's request for an extension of time is denied and this miscellaneous case is dismissed.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2013.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

2

Case 2:13-mc-00003-CNC   Filed 01/24/13   Page 2 of 2   Document 2